United States District Court
Southern District of Texas

**ENTERED**

December 13, 2018

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IGNACIO H. MENDOZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-18-609 |
| | § | |
| AVIS BUDGET CAR RENTAL, LLC, | § | |
| and JOHN DOE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Plaintiff's Motion for Leave to File First Amended Complaint and Motion to Remand (Doc. 10) and the responses filed thereto.  For the reasons stated below, it is **RECOMMENDED** that the motion be **GRANTED** and that this action be **REMANDED** to the 127th Judicial District Court, Harris County, Texas.

## I.  Case Background

### A.  Factual Background

On February 16, 2016, Plaintiff returned his rental car to Defendant Avis Budget Car Rental, LLC ("Avis") at its location near Hobby Airport in Houston, Texas.[2] As Plaintiff was retrieving his belongings from the rental car, an Avis employee started the vehicle, placed the car in reverse and backed over Plaintiff.[3] As

---

[1]    This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 16, Ord. Dated Aug. 13, 2017.

[2]    See Doc. 11-2, Pl.'s Orig. Pet. and Req. for Written Discovery p. 3.

[3]    See id.

a result of this conduct, Plaintiff sustained personal injuries and lost earnings.[4]

## B.  **Procedural Background**

On November 30, 2017, Plaintiff filed suit in the 127th Judicial District Court of Harris County, Texas, against Avis and "John Doe," the employee who injured Plaintiff.[5] Plaintiff alleged that: (1) John Doe negligently and/or recklessly operated the vehicle; (2) Avis negligently entrusted the vehicle to John Doe; and (3) Avis negligently hired, supervised and trained John Doe.[6] Plaintiff also made allegations of gross negligence against both Avis and John Doe.[7]

On January 30, 2018, Avis was served with the petition.[8] Avis removed the suit to this court on February 27, 2018.[9]  In the Notice of Removal, Avis alleged that removal was proper as the Plaintiff and Avis were citizens of different states and John Doe had not been served.[10]

After removal, Plaintiff initiated discovery to learn the

---

[4]      See id. p. 9.

[5]      See id. p. 3.

[6]      See id. pp. 4-7.

[7]      See id. pp. 6, 8.

[8]      See Doc. 11-3, Affidavit of Service p. 1

[9]      See Doc. 1, Not. of Removal p. 1.

[10]     Id.

identity of John Doe.[11]   Defendant opposed this discovery.[12]
Defendant disclosed the name of John Doe in its Rule 26 disclosures
mailed on April 17, 2018.[13]   John Doe was identified as George
Douglas ("Douglas"), and listed an address in Pearland, Texas.[14]

On May 25, 2018, Plaintiff filed the pending motion for leave
to amend the complaint to rename John Doe as George Douglas and
also moved to remand the action to state court for lack of removal
jurisdiction.   Defendant opposes the motion.

## II.  Analysis

The decision whether to grant a motion to amend is within the
court's discretion.   Jacobsen v. Osborne, 133 F.3d 315, 318 (5th
Cir. 1998).   The court is guided by the limitation in Federal Rule
of Civil Procedure 15(a) which states that "leave shall be freely
given when justice so requires."   Jacobsen, 133 F.3d at 318.   The
factors which the court may consider include undue delay, bad faith
or dilatory motive, repeated failure to correct deficiencies
through previous amendments, undue prejudice to the nonmoving
party, and futility of the amendment.   Id. (quoting In re Southmark

---

[11]   See Doc. 11-5, Ex. 4 to Def.'s Resp. to Pl.'s Mot. for Leave to File
Am. Compl. and Mot. for Remand, Letter Dated Feb. 24, 2018; Doc. 11- 8, Ex. 7 to
Def.'s Resp. to Pl.'s Mot. for Leave to File Am. Compl. and Mot. for Remand,
Pl.'s Notice to Take Dep. of Avis Corp. Rep.

[12]   See Doc. 11-9, Ex. 8 to Def.'s Resp. to Pl.'s Mot. for Leave to File
Am. Compl. and Mot. for Remand, Letter Dated Mar. 12, 2018.

[13]   See Doc. 11-12, Ex. 11 to Def.'s Resp. to Pl.'s Mot. for Leave to
File Am. Compl. and Mot. for Remand, Email dated Apr. 17, 2018, p. 1.

[14]   See Doc. 11-12, Ex. 11 to Def.'s Resp. to Pl.'s Mot. for Leave to
File Am. Compl. and Mot. for Remand, Initial Discl. p. 4.

Corp., 88 F.3d 311, 314-15 (5th Cir. 1996), cert. denied, 519 U.S. 1057 (1997)).

## B.  Addition of Diversity-defeating Party

If the amendment would add a diversity-defeating defendant, the court must consider the factors set out in Hensgens v. Deere, 833 F.2d 1179, 1182 (5th Cir. 1987).  Those factors are: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in seeking the amendment; (3) whether plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities of the issue.  Id.

### III.  Analysis

In his motion, Plaintiff argues that Douglas is a necessary, non-diverse party and that Avis will not be able to meet its heavy burden of proving that Plaintiff will not be able to establish a cause of action against Douglas.  Avis contends that Douglas is not a necessary party and that the Hensgens factors weigh in favor of denying leave to amend.

Turning to the first factor, whether the purpose of the amendment is to defeat federal jurisdiction, it is undisputed that Plaintiff sought damages for John Doe's negligent action of backing a vehicle into Plaintiff, causing serious injuries. Clearly, under these facts, Plaintiff stated a claim of negligence against John Doe/Douglas.  Plaintiff named John Doe in his state court petition

4

and the amendment to identify John Doe as Douglas is not to defeat diversity as diversity was never present.  As Avis well knew, John Doe was a Texas resident.  The potential loss of jurisdiction was always present from the day this suit was filed.

Avis also complains that naming a John Doe defendant in a state court petition is not a recognized practice in the State of Texas but cites no case law in support and fails to explain why the naming of a John Doe defendant was procedurally improper.  The court therefore finds this argument unpersuasive.  The court concludes that the first Hensgens factor favors Plaintiff.

The second Hensgens factor, whether Plaintiff was dilatory in seeking the amendment, Avis argues that Plaintiff failed to ascertain John Doe's identity and serve Douglas within the limitations period.  The limitations period expired on February 16, 2018.  See Tex. Civ. Prac. & Rem. Code § 16.003.  Plaintiff filed suit on November 30, 2017, and served Avis on January 30, 2018, within limitations.  Attached to the state court petition was written discovery directed to Avis concerning the identity of Avis's employee.[15]  There is no indication that Plaintiff was aware of Douglas's identity at the time the lawsuit was timely filed.  Stating the obvious, one cannot serve a party if the party's name is unknown.

Although Douglas was not served before the limitations period

---

[15]    See Doc. 1-3, State Court Discovery, pp. 12-21.

expired, his identity was not disclosed to Plaintiff until Avis made its Rule 26 disclosures on April 17, 2018, seven weeks after Plaintiff sought discovery of John Doe's true name on February 27, 2018. The true identity of John Doe was always known to Avis, and Avis has failed to persuade the court that Plaintiff could have discovered the name of the Avis employee who injured him prior to Avis's reluctant disclosure many weeks after Plaintiff's inquiry. If there is an unexplained delay, it is the seven weeks that passed between Plaintiff's inquiry and Avis's response. This factor favors allowing Plaintiff to amend his complaint.

Avis argues that the third factor, whether Plaintiff will be significantly injured if the amendment is not allowed, militates in its favor because under the doctrine of respondeat superior, it will be liable for the negligent acts of its employee. Avis stipulates in its response that "to the extent that any alleged negligence was committed by Douglas, which Avis denies, it occurred during the course and scope of his employment with Avis."[16] Plaintiff makes no response to this argument; the court finds that this factor militates in favor of Avis.

Finally, the court must consider any other factors that bear on the equities of the issue. The court finds that there are none. After considering all the Hensgens factors, the court finds that they weigh in favor of allowing the amendment. Plaintiff should be

---

[16]     See Doc. 11, Def.'s Resp. to Pl.'s Mot. for Leave to Am. pp. 6-7.

granted leave to amend his complaint to name Douglas in place of John Doe.

As this amendment defeats diversity, it is **RECOMMENDED** that Plaintiff's Motion for Leave to File First Amended Complaint be **GRANTED** and that this action be **REMANDED** to the 127th Judicial District Court, Harris County, Texas.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 13th day of December, 2018.

_____
U.S. MAGISTRATE JUDGE